# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JERRY BILLINGSLEY, # 303088, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 20-00610-JB-B |
| WARDEN MCCOY, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R), is presently before the Court due to Plaintiff Jerry Billingsley's failure to pay the $5.67 initial partial filing fee as directed.

The record reflects that Billingsley, an Alabama state prison inmate proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 3, 4).[1] The Court denied Billingsley's original motion to proceed without prepayment of fees (Doc. 4) without prejudice and granted Billingsley leave to file a completed, fully executed motion by March 5, 2021. (Doc. 5). Billingsley then

---

[1] Billingsley's original complaint, which was received by the Court on December 30, 2020, was unsigned and undated. (See Doc. 1 at 8). Pursuant to this Court's order dated January 4, 2021 (Doc. 2), Billingsley filed a signed complaint dated January 6, 2021, utilizing this Court's current form complaint for § 1983 prisoner actions. (Doc. 3).

filed a second motion to proceed without prepayment of fees, which included a certificate completed by an authorized prison official and a copy of his inmate financial statement. (Doc. 7).

In an order docketed March 26, 2021, the Court granted Billingsley's second motion to proceed without prepayment of fees and ordered him to pay an initial partial filing fee of $5.67 by April 26, 2021.[2] (Doc. 8). In the order, the Court expressly advised Billingsley that he was required to pay the $5.67 initial partial filing fee before the case could proceed further and warned Billingsley that failure to comply with the order within the prescribed time would result in the dismissal of this action. (Id.).

On April 12, 2021, Billingsley filed a notice advising the Court that he had been transferred from St. Clair Correctional

---

[2] The Court calculated Billingsley's $5.67 initial partial filing fee in accordance with 28 U.S.C. § 1915(b)(1), which provides, in relevant part:

> The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
>  (A) the average monthly deposits to the prisoner's account; or
>
>  (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

Facility to Ventress Correctional Facility. (Doc. 9). In light of Billingsley's notice of address change, the Court extended the deadline for Billingsley to pay the $5.67 initial partial filing fee to May 28, 2021, and directed the Clerk to send a copy of the March 26, 2021 order (Doc. 8) to Billingsley at his new address. (Doc. 10).

In a letter postmarked May 26, 2021, Billingsley indicated that he did not have funds available to pay the $5.67 initial partial filing fee, had no one to send him funds, and did not know when he would have such funds available. (Doc. 11).

In response to Billingsley's letter, the Court entered an order on June 2, 2021, advising Billingsley that even if his account did not contain the *full* $5.67 amount assessed as an initial partial filing fee, he was required to ensure that *any available portion* of the $5.67 fee was withdrawn from his account and transmitted to the Clerk of this Court. (Doc. 12 at 2). Thus, the Court ordered Billingsley to remit payment of any and all funds in his inmate account up to and including $5.67 by June 28, 2021. (Id. at 3). The Court further ordered Billingsley to file with the Court, on or before the 28th day of each month starting in June 2021, a copy of his current prison financial statement for the period beginning May 2021, until the $5.67 initial partial filing fee is paid in full. (Id.). The Court advised Billingsley that failure to fully comply with these directives within the

prescribed time would result in a recommendation that this action be dismissed for failure to prosecute and obey the Court's orders. (Id.).

To date, Billingsley has not paid any portion of the $5.67 initial partial filing fee that he was initially ordered to pay in March 2021. Billingsley also has not filed a copy of his current inmate financial statement, despite being ordered to do so no later than June 28, 2021, if the partial filing fee was not paid in full. Billingsley has not requested additional time and has not provided any explanation for his failure to comply with the directives in the Court's order dated June 2, 2021. Additionally, none of the Court's orders in this case have been returned to the Court as undeliverable, and the Alabama Department of Corrections' website reflects that Billingsley remains incarcerated at Ventress Correctional Facility.

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or failure to obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).³ "In addition to its power under Rule 41(b), a

---

³ In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

In light of Billingsley's failure to prosecute this action and obey this Court's orders by paying the initial partial filing fee or providing evidence (in the form of prison financial statements) of his inability to pay even a portion of that fee, and upon consideration of the alternatives available to the Court, it is recommended that this action be **DISMISSED without prejudice**[4] pursuant to Rule 41(b). Indeed, it appears that no lesser sanction

---

[4] The Court notes that Billingsley appears to complain of acts or omissions that occurred in October 2019, at the earliest. (See Doc. 1 at 4-5; Doc. 3 at 4). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Billingsley would have the ability to refile his claims prior to the expiration of the two-year statute of limitations.

5

will suffice to induce Billingsley's compliance with the orders of this Court.

If Billingsley disputes the finding that he failed to comply with the Court's orders directing him to pay the initial partial filing fee by authorizing payment of the filing fee by prison officials, he must set forth in an objection to this report and recommendation the reasons for his failure to pay. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with the order to pay a partial filing fee).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

6

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **8th** day of **July, 2021.**

       **/S/ SONJA F. BIVINS**     
**UNITED STATES MAGISTRATE JUDGE**
